UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY RILEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Cause No. 1:09-cv-711-WTL-DML |
| | ) |
| JERRY FRIEND, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are two motions for summary judgment, one filed by the Plaintiff (Docket No. 17), and one filed by the Defendant (Docket No. 20). These motions are fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion as to all of the Plaintiff's claims, and **DENIES** the Plaintiff's motion, for the reasons set forth below.

**I.  SUMMARY JUDGMENT STANDARD**

The fact that the parties have filed cross-motions for summary judgment does not alter the standard set forth in Federal Rule of Civil Procedure 56(c)(2). When evaluating each side's motion the court simply "'construe[s] all inferences in favor of the party against whom the motion under consideration is made.'" *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all

reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

At all times relevant to this act, the Plaintiff, Gary Riley, owned land in Muncie, Indiana and the Defendant, Jerry Friend, served as the City of Muncie's Building Commissioner. As the Building Commissioner, Friend had the duty and the authority to enforce Muncie's building codes. In February 2006, Friend filed a complaint against Riley in the Delaware Circuit Court. The complaint charged Riley with various violations of Muncie's building code. In April 2007, Riley filed a motion to dismiss because Friend failed to exhaust his administrative remedies. The Delaware Circuit Court granted that motion and dismissed the case without prejudice in June 2007.

As a result of the state court litigation, Riley incurred substantial legal fees and had to sell a piece of property to pay these fees. Ultimately, Riley filed this suit, alleging that Friend's failure to follow the Indiana Administrative Orders and Procedures Act ("AOPA")[1] violated

---

[1] Throughout his briefs, Riley refers to this statute as the Administrative Adjudication Act. Indiana's Administrative Adjudication Act was repealed in 1986 and replaced by the AOPA.

2

Riley's Fourteenth Amendment procedural due process rights.

### III.  DISCUSSION

The gist of Riley's § 1983 claim is that Friend violated the AOPA when he filed a state court complaint charging Riley with violations of Muncie's building code.  *See* Docket No. 18 at 4, 6.  According to Riley, Friend's violation of the AOPA deprived Riley of his Fourteenth Amendment procedural due process rights.  Riley states that "[t]he only material issues in this case are whether the Plaintiff had a cognizable right to all the administrative procedures provided by the Indiana Administrative Adjudication Act . . . and whether the Defendant deprived him of that right[.]"  Docket No. 23 at 2.

A procedural due process claim has two elements.  "'First, [the Court] must determine whether the plaintiff was deprived of a protected interest; second, [the Court] must determine what process is due.'"  *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quoting *Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.2d 659, 662 (7th Cir. 2004)).  In the instant case, Riley is unable to satisfy either element.

With respect to the first requirement, Riley repeatedly claims that he "had a right to the protections of the Muncie Building Code and to the procedure provided by the [AOPA]."  Docket No. 23 at 2.  This is simply not true.  "[A] violation of state law is not a denial of due process, even if the state law confers a procedural right."  *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993).  The Seventh Circuit has repeatedly held that, to prevail on a procedural due process claim, a plaintiff must "identify a property interest or a state-created liberty interest of which she was alleged deprived."  *Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999); *see also Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Ky. Dep't of Corrs. v. Thompson*, 490

U.S. 454, 459-62 (1989).  In *Crenshaw*, the plaintiff alleged that the Indiana Civil Rights Commission violated her procedural due process rights because it dismissed her complaint without investigating it, allegedly in violation of Ind. Code 22-9-1-6(e).  The Seventh Circuit disposed of the case on immunity grounds, but noted that had it not done so, the plaintiff's procedural due process claim would still have failed because the plaintiff did not identify a protected liberty or property interest.  The court noted that Crenshaw "asserted nothing more than a right to process, and the mere expectation of receiving a state-afforded process does not establish either an independent liberty or property interest protected by the Due Process Clause." *Crenshaw*, 180 F.2d at 869; *see also Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983).  Like the plaintiff in *Crenshaw*, Riley has done nothing more than assert the right to an administrative proceeding under the AOPA.  His mere expectation of receiving a certain process under the AOPA does not establish a protected liberty or property interest.  *See Crenshaw*, 180 F.2d at 869; *see also Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991); *Lim v. Cent. DuPage Hosp.*, 871 F.2d 644, 648 (7th Cir. 1989).

Even if Riley were able to establish that he had a protected liberty or property interest, his § 1983 claim would still fail because Riley received all of the process that he was due.  "The barebones constituents of fair procedures and therefore due process are . . . notice and an opportunity to be heard."  *Smith v. Shettle*, 946 F.2d 1250, 1254 (7th Cir. 1991) (citing *Twining v. New Jersey*, 211 U.S. 78, 110-11 (1908)).  In other words, "[t]he Due Process Clause requires that individuals have an opportunity to be heard 'at a meaningful time and in a meaningful manner' regarding the deprivation of life, liberty, or property."  *Wainscott v. Henry*, 315 F.3d 844, 852 (7th Cir. 2003) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  In the instant

case, Riley received a full panoply of due process rights during the litigation in the Delaware Circuit Court. He is not entitled to anything more. Thus, having believed all of Riley's admissible evidence and having drawn all reasonable inferences in his favor, the Court now **GRANTS** the Defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Docket No. 20) is **GRANTED** as to all claims. The Plaintiff's Motion for Summary Judgment (Docket No. 17) is **DENIED**.

SO ORDERED:  05/21/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

John Thomas Roy
Travelers Staff Counsel Office
jroy@travelers.com

John Thrasher
John Thrasher, J.D.
john_thrasher@yahoo.com