UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:09-cv-711-WTL-DML |
| | ) |
| JERRY FRIEND, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ENTRY ON MOTION TO RECONSIDER

Before the Court is the Plaintiff's Motion for Reconsideration (Docket No. 33). That motion is directed towards the Court's Entry on Cross-Motions for Summary Judgment (Docket No. 31). Although the Plaintiff purports to bring this motion under Rule 59(d), it is actually a Rule 59(e), motion to alter or amend a judgment.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. Int'l Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion: (1) newly-discovered evidence; (2) an intervening change in the law; and (3) manifest error in law. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The Court did not misapprehend the Plaintiff's claim, or did it misapply the law to that claim in light of the applicable law.

Accordingly, the Plaintiff's Motion for Reconsideration (Docket No. 33) is **DENIED**.

SO ORDERED:  06/09/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

John Thomas Roy
Travelers Staff Counsel Office
jroy@travelers.com

John Thrasher
John Thrasher, J.D.
john_thrasher@yahoo.com